**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Nicholas Drilling, ) | No. CV-08-00786-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dora B. Schriro, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and memorandum of points and authorities in support of the petition (docs. 1 & 3), respondents' answer (doc. 12), petitioner's reply and memorandum of points and authorities in support of reply (docs. 15 & 16), a report and recommendation of the United States Magistrate Judge (doc. 17), and petitioner's objections (doc. 18). For the following reasons, we accept the magistrate judge's recommendation to deny the habeas petition.

**I**

On December 2, 2005, petitioner pled guilty to two counts of involving a minor in a drug offense (counts one and five) and two counts of attempted sexual assault with a minor (counts nine and fourteen). On February 23, 2006, he was sentenced to consecutive aggravated terms of 6 years imprisonment on counts one and five and concurrent terms of lifetime probation on counts nine and fourteen. By entering a plea agreement, petitioner

1 waived his right to a conventional direct appeal under A.R.S. § 13-4033(B), but retained the
2 right to seek review in an "of-right proceeding" under Rule 32, Ariz. R. Crim. P.

3 Petitioner filed a notice of post-conviction relief on May 5, 2006. On October 5,
4 2006, appointed counsel notified the court that she could find no meritorious claims to raise
5 on petitioner's behalf, and the court granted an extension for petitioner to file his own
6 petition. Petitioner filed a *pro se* petition for post conviction relief on November 3, 2006.
7 Petitioner argued that: (1) he was denied effective assistance of counsel because he was not
8 advised of his right to have a jury determine aggravating factors beyond a reasonable doubt;
9 and (2) his lifetime probation sentence violates equal protection. Petitioner's Rule 32 motion
10 was denied at every stage of state court review. On April 24, 2008, he timely filed the
11 pending petition for writ of habeas corpus claiming that: (1) he was denied effective
12 assistance of counsel; (2) the prosecution violated due process by "surreptitiously plac[ing]
13 a waiver of fundamental rights in the plea agreement"; (3) his lifetime probation sentence
14 violates due process, equal protection, and the protection from cruel and unusual punishment;
15 and (4) the plea agreement violated due process and fundamental fairness. <u>Petition for Writ</u>
16 <u>of Habeas Corpus</u> at 5-8.

17 Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas
18 relief shall not be granted on any claim that was adjudicated on the merits in state court
19 unless the state court's decision was: (1) contrary to clearly established federal law; or (2)
20 based on an unreasonable determination of the facts considering the evidence presented. 28
21 U.S.C. § 2254(d). The magistrate judge concluded that the state court did nor err in applying
22 the law or evaluating the facts and recommends denying the petition. We agree.

**II**

24 In his objections to the magistrate judge's report and recommendation, petitioner again
25 argues that he was deprived of constitutional rights. First, petitioner maintains that counsel
26 failed to explain to him his right to have a jury find aggravating factors beyond a reasonable
27 doubt. Because of this failure, petitioner claims that he was deprived effective assistance of
28 counsel. This argument is without merit.

1         To prove ineffective assistance of counsel, petitioner must show that: (1) counsel's
2 representation was objectively unreasonable; and (2) he was prejudiced by it. Strickland v.
3 Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).   Petitioner's claim that
4 counsel did not explain his rights to him is contradicted by his representations in the plea
5 agreement. Petitioner signed an addendum to the plea agreement specifically acknowledging
6 that he waived his right to have a jury consider aggravating circumstances. The addendum
7 also states that petitioner "discussed the case and [his] constitutional rights with [his]
8 lawyer." Response, Ex. C.
9         Moreover, even if petitioner's attorney failed to explain his right to have a jury
10 consider aggravating circumstances, he suffered no prejudice. An attorney's failure to advise
11 a defendant of rights is not prejudicial when the defendant is informed by the court of the
12 consequences of his guilty plea. See Womack v. Del Papa, 497 F.3d 998, 1003 (9th Cir.
13 2007).  At the change in plea hearing, the court explained to petitioner that he had a right to
14 have aggravating facts decided by a jury beyond a reasonable doubt, and petitioner expressly
15 agreed to waive that right. Response, Ex. B at 29.
16         Next, petitioner claims he was deprived due process because the prosecution did not
17 plainly state in the plea agreement that he was waiving his right to have a jury determine
18 aggravating factors.  We disagree.  In the addendum to the plea agreement, petitioner
19 expressly consented  "to judicial factfinding by preponderance of the evidence as to any
20 aspect or enhancement of sentence," and waived the right to have a jury "determine any fact
21 used to impose a sentence." Response, Ex. C. This waiver was not surreptitious and does
22 not violate due process.
23         Finally, petitioner argues that his lifetime probation sentence is illegal. Petitioner
24 claims that a term of lifetime probation violates A.R.S. §§ 13-912 & 13-905. However, the
25 Arizona statutes to which petitioner cites provide for the restoration of civil rights upon the
26 completion of a probationary term and do not apply to petitioner's lifetime sentence. A.R.S.
27 §§ 13-912 & 13-905. Lifetime probation for sexual offenses is specifically authorized by
28 Arizona statute. A.R.S. § 13-902(E).

Petitioner also cites <u>Weems v. United States</u>, 217 U.S. 349, 30 S. Ct. 544 (1910), for the proposition that "permanent government surveillance is cruel and unusual punishment." <u>Objections</u> at 4. This, however, is an incorrect reading of <u>Weems</u>. The Supreme Court did not hold that lifetime probation is always cruel and unusual punishment, but rather struck down the sentence in <u>Weems</u> because it was grossly disproportionate to the crime. <u>Id.</u> A sentence within the limits of a valid statute will only be overturned as cruel and unusual punishment if it is "so 'grossly out of proportion to the severity of the crime' as to shock our sense of justice." <u>U.S. v. Cupa-Guillen</u>, 34 F.3d 860, 864 (9th Cir. 1994) (quotation omitted). We agree with the magistrate judge that lifetime probation is not grossly disproportionate to petitioner's convictions for attempted sexual assault.

### III

Based on the foregoing, we accept the recommended decision of the United States Magistrate Judge. Accordingly, **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

DATED this 11th day of February, 2009.

/s/ Frederick J. Martone
Frederick J. Martone
United States District Judge

- 4 -